JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Navigators Insurance Company

## DEFENDANTS

Middle East Forum; Daniel Pipes; Gregory Roman; and Matthew Bennett

**(b)** County of Residence of First Listed Plaintiff   Hartford, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See Attached

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Declaratory Judgment regarding insurance coverage

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
October 30, 2020

SIGNATURE OF ATTORNEY OF RECORD
s/Brian F. Breen

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ATTACHMENT TO CIVIL COVER SHEET

| | |
|---|---|
| **Attorneys for Plaintiff**<br>**Navigators Insurance Company**<br><br>Brian F. Breen<br>PA ID No.  81416<br>Louis J. Isaacsohn<br>PA ID No.  34005<br>**Wilson Elser Moskowitz Edelman & Dicker LLP**<br>Two Commerce Square<br>2001 Market Street Suite 3100<br>Philadelphia, PA 19103<br>(215) 627-6900<br>(215) 627-2665 (fax)<br>brian.breen@wilsonelser.com<br>louis.isaacsohn@wilsonelser.com | |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ One Hartford Plaza, Mail Stop: HO-1-06 Hartford, Connecticut  06155 _____

Address of Defendant: _____ 1650 Market Street, Suite 3600, Philadelphia, PA  19103 _____

Place of Accident, Incident or Transaction: _____ 1650 Market Street, Suite 3600, Philadelphia, PA  19103 _____

---

*RELATED CASE, IF ANY:* **SEE ATTACHED**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year   Yes ☐   No ☑
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit   Yes ☑   No ☐
   pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier   Yes ☐   No ☑
   numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights   Yes ☐   No ☑
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __ October 30, 2020 __     *s/Brian F. Breen*     __ 81416 __
                                 *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☑ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian F. Breen _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: __ October 30, 2020 __     *s/Brian F. Breen*     __ 81416 __
                                 *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## ATTACHMENT TO DESIGNATION FORM

### *Related Cases:*

1. *Patricia McNulty v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05029-AB (E.D. PA.);

2. *Patricia McNulty v The Middle East Forum, and Greg Roman*, Case No. 20-cv-0245 (E.D. PA.);

3. *Lisa Barbounis v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05030-JDW (E.D. PA.);

4. *Lisa Barbounis v The Middle East Forum, and Greg Roman*, Case No. 20-cv-02946 (E.D. PA.)

5. *Caitriona Brady v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05082-MAK (E.D. PA.);

6. *Delaney Yonchek v The Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 19-cv-05083-PD (E.D. PA.);

7. *Marnie O'Brien v. Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 19-cv-06078-PBT (E.D. PA.); and

8. *Marnie O'Brien v. Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 20-cv-00457-JMY (E.D. PA.);

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ One Hartford Plaza, Mail Stop: HO-1-06 Hartford, Connecticut  06155 _____

Address of Defendant: _____ 1650 Market Street, Suite 3600, Philadelphia, PA  19103 _____

Place of Accident, Incident or Transaction: _____ 1650 Market Street, Suite 3600, Philadelphia, PA  19103 _____

---

*RELATED CASE, IF ANY:* **SEE ATTACHED**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☑ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __October 30, 2020__   __s/Brian F. Breen__   __81416__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Brian F. Breen__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __October 30, 2020__   __s/Brian F. Breen__   __81416__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## ATTACHMENT TO DESIGNATION FORM

### *Related Cases:*

1. *Patricia McNulty v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05029-AB (E.D. PA.);

2. *Patricia McNulty v The Middle East Forum, and Greg Roman*, Case No. 20-cv-0245 (E.D. PA.);

3. *Lisa Barbounis v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05030-JDW (E.D. PA.);

4. *Lisa Barbounis v The Middle East Forum, and Greg Roman*, Case No. 20-cv-02946 (E.D. PA.)

5. *Caitriona Brady v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05082-MAK (E.D. PA.);

6. *Delaney Yonchek v The Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 19-cv-05083-PD (E.D. PA.);

7. *Marnie O'Brien v. Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 19-cv-06078-PBT (E.D. PA.); and

8. *Marnie O'Brien v. Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 20-cv-00457-JMY (E.D. PA.);

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| NAVIGATORS INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| MIDDLE EAST FORUM, DANIEL PIPES, | : | |
| GREGORY ROMAN AND MATTHEW BENNETT | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)

| | | |
|---|---|---|
| October 30, 2020 | Brian F. Breen | Navigators Insurance Company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 627-6900 | (215) 627-2665 | brian.breen@wilsonelser.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

NAVIGATORS INSURANCE COMPANY, )
)
              Plaintiff, )
)
      v. )
)    Case No.
MIDDLE EAST FORUM, DANIEL PIPES, )
GREGORY ROMAN AND MATTHEW )
BENNETT, )
           Defendants. )
)

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Navigators Insurance Company ("Navigators"), by and through its attorneys, Brian F. Breen, Esquire and Louis J. Isaacsohn, Esquire of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. Sections 2201-2202 against Defendants, Middle East Forum ("MEF"), Daniel Pipes ("Pipes"), Gregory Roman ("Roman") and Matthew Bennett ("Bennett")(collectively referred to as the "MEF Defendants") and states as follows:

### STATEMENT OF THE CASE

1.    This action seeks a declaration that Navigators has no contractual duty to provide insurance coverage under a policy of insurance issued to MEF in connection with certain lawsuits styled as follows:

        a.   *Patricia McNulty v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05029-AB (E.D. PA.);

2981276v.1

b. *Patricia McNulty v The Middle East Forum, and Greg Roman*, Case No. 20-cv-0245 (E.D. PA.);

c. *Lisa Barbounis v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett,* Case No. 19-cv-05030-JDW (E.D. PA.);

d. *Lisa Barbounis v The Middle East Forum, and Greg Roman,* Case No. 20-cv-02946 (E.D. PA.)

e. *Caitriona Brady v The Middle East Forum, Daniel Pipes, Greg Roman, and Matthew Bennett*, Case No. 19-cv-05082-MAK (E.D. PA.);

f. *Delaney Yonchek v The Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 19-cv-05083-PD (E.D. PA.);

g. *Marnie O'Brien v. Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 19-cv-06078-PBT (E.D. PA.); and

h. *Marnie O'Brien v. Middle East Forum, Daniel Pipes, and Greg Roman*, Case No. 20-cv-00457-JMY (E.D. PA.);

(collectively "Underlying Actions"). Copies of the complaints filed by Patricia McNulty ("McNulty") are attached hereto as Exhibits A, B, and C. Copies of the complaints filed by Lisa Barbounis ("Barbounis") are attached hereto as Exhibits D, E, F and G. Copies of the complaints filed by Caitriona Brady ("Brady") are attached hereto as Exhibits H, I and J. A copy of the complaint filed by Delaney Yonchek ("Yonchek") is attached hereto as Exhibit K. Copies of the complaints filed by Marnie O'Brien ("O'Brien") are attached hereto as Exhibit L and M. McNulty, Barbounis, Brady, Yoncheck and O'Brien are collectively referred to herein as the "Underlying Plaintiffs".

2

2981276v.1

**PARTIES**

2.      Navigators is an insurance company formed under the laws of the State of New York with its principal place of business in Connecticut.  Navigators conducts business in Pennsylvania and within the geographical boundaries of this District.

3.      MEF is a non-profit corporation formed under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.  MEF conducts business in Pennsylvania and within the geographical boundaries of this District.

4.      Pipes is a resident and citizen of Pennsylvania.

5.      Roman is a resident and citizen of Pennsylvania.

6.      Bennett is a resident and citizen of New Jersey.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the Parties are citizens of different states.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance coverage under a policy of insurance issued within the geographical boundaries of this District, MEF's principal place of business is within the geographical boundaries of this District and the Parties reside and/or conduct business in this District.

3

## FACTS

9.      The Underlying Actions concern claims by former MEF employees for alleged workplace sex harassment, discrimination and/or retaliation against MEF, Pipes, Roman and/or Bennett. See Exhibits A-M.

10.     The Underlying Actions allege Roman and/or Bennett engaged in a pattern and practice of sexual harassment, sexual assault, sexual misconduct, *quid pro quo* sexual harassment and sex discrimination against MEF's female employees and MEF failed to investigate the complaints and/or take any action. *Id.*

11.     On or about November 1, 2018, Marnie O'Brien a/k/a Marnie Meyer allegedly handwrote a letter to Pipes addressing Roman's alleged misconduct with female employees, which included, among others, O'Brien, an intern Leah Merville, and Barbounis. See *Id.*

12.     The Underlying Actions allege after the November 1, 2018 letter, a staff meeting was held on or about November 5, 2018 in which McNulty, Barbounis, O'Brien, Brady and Yonchek all complained of harassment and discrimination of MEF's female staff by Roman and after the meeting, Pipes allegedly failed to discipline Roman, change Roman's pay and rewarded Roman with remote work and less supervisory responsibility.  See *Id.*

13.     The Underlying Actions allege that McNulty, Barbounis, O'Brien, Brady and Yonchek were not the only female employees to complain about Roman's alleged discrimination, harassment and retaliation and that Pipes had been receiving complaints about Roman for several years. See *Id.*

14.     Tiffany Lee was also an MEF female employee who Roman supervised and who was allegedly sexually harassed, discriminated and/or retaliated against.

4

15.     By approximately December 2016, the MEF Defendants were notified of a Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") by former MEF female employee Tiffany Lee alleging that Roman subjected female employees to sexual harassment, sexual misconduct, sex discrimination, and retaliation ("the *Tiffany Lee* Claim").

16.     In approximately January 2017, the *Tiffany Lee* Claim was reported by or on behalf of MEF to Chubb, an insurer who issued Employment Practices Liability ("EPL") insurance to MEF before the Policy (as defined in Paragraph 18 below) issued by Navigators to MEF became effective.

17.     In June 2019, MEF's insurance broker provided notice to Navigators of claims by McNulty, Barbounis, O'Brien, Brady and Yonchek under the Policy.

18.     Navigators issued a Not-For-Profit InNAVation Policy No. NY18DOLV03594NV (the "Policy") to MEF on a claims-made and reported basis for the Policy Period from December 23, 2018 to December 23, 2019. Subject to its terms, limits and endorsements, the Policy provides certain insurance coverage with a limit of liability of $3,000,000 and a $5,000 Retention for Indemnified Loss as to each Claim under the Employment Practices Liability Coverage Part. Per Endorsement No. 10, there is a $1,000,000 maximum aggregate Additional Limit of Liability for Costs of Defense.  A copy of the Policy is attached as Exhibit N and incorporated herein in its totality.

19.     Subject to all of its terms, the Employment Practices Claims Made and Reported Coverage in the Policy provides, in part, as follows:

5

**Navigators Insurance Company**

**GENERAL TERMS AND CONDITIONS**

**THIS IS A CLAIMS-MADE AND REPORTED POLICY
WITH COSTS OF DEFENSE INCLUDED IN THE LIMIT OF LIABILITY.
PLEASE READ THE ENTIRE POLICY CAREFULLY.**

In consideration of the payment of the premium and in reliance upon all statements made and information furnished to the insurance company shown in the Declarations (the "Insurer"), including the statements made in the Proposal Form, and subject to all terms, conditions and limitations of this Policy, the Insureds and the Insurer agree:

\*　　\*　　\*

**Section II. Definitions**

\*　　\*　　\*

N.　　"Loss" will mean compensatory damages, punitive or exemplary damages, the multiple portion of any multiplied damage award, settlements and Costs of Defense; provided, however, that Loss will not include salaries, wages, overhead or benefit expenses associated with any Insured, criminal or civil fines or penalties imposed by law, taxes, or any matter which may be deemed uninsurable under the law pursuant to which this Policy shall be construed. It is understood and agreed that the enforceability of the foregoing coverage shall be governed by such applicable law which most favors coverage for punitive or exemplary damages or the multiple portion of any multiplied damage award.

\*　　\*　　\*

Q.　　"Policy Period" will mean the period from the inception date of this Policy to the expiration date of this Policy as set forth in ITEM 2 of the Declarations, or to its earlier termination if applicable.

\*　　\*　　\*

U.　　"Related Wrongful Acts" will mean Wrongful Acts which are logically or causally connected by reason of any common or

6

related fact, circumstance, situation, transaction, event or decision.

\*         \*         \*

## Section VII. Notice

A.     As a condition precedent to their rights under this Policy in connection with any Claim, the Insureds must give the Insurer written notice of such Claim as soon as practicable after such Claim is made, but in no event later than sixty (60) days after the end of the Policy Period, or during any applicable Discovery Period. Subject to the foregoing, written notice of a Claim will be deemed to have been given as soon as practicable if such notice is given not later than sixty (60) days after the Chairman of the Board of Directors, President, Chief Executive Officer, Chief Financial Officer, General Counsel, or Risk Manager of the Company first becomes aware of such Claim.

B.     If, during the Policy Period or Discovery Period, any Insured first becomes aware of any circumstances which may reasonably be expected to give rise to a Claim being made against an Insured and the Insured gives written notice to the Insurer of:

1.     the circumstances;

2.     the Wrongful Act allegations anticipated; and

3.     the reasons for anticipating such a Claim;

with full particulars as to the dates, persons and entities involved, then a Claim which is subsequently made against such Insured and reported to the Insurer alleging, arising out of, based upon or attributable to such circumstances or alleging any Wrongful Act which is the same as or related to any Wrongful Act alleged or contained in such circumstances, shall be considered made at the time the Insurer received such written notice.

C.     Written notice to the Insurer under Sections VII.A and B above must be given to:

Navigators Insurance Company
One Penn Plaza

7

New York, NY 10119
ATTN: Navigators Pro Claims Department
or by email: navproclaims@navg.com

**Section VIII. General Conditions**

\*       \*       \*

B.      Interrelationship of Claims

All Claims involving the same Wrongful Act or Related Wrongful Acts of one or more Insureds will be considered a single Claim, and will be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such Claim was first made; or (2) the earliest date on which any such Wrongful Act or Related Wrongful Act was reported under this Policy or any other policy providing similar coverage.

\*       \*       \*

**EMPLOYMENT PRACTICES LIABILITY COVERAGE PART**

**THIS IS A CLAIMS-MADE AND REPORTED POLICY
WITH COSTS OF DEFENSE INCLUDED IN THE LIMIT OF LIABILITY**.
PLEASE READ THE ENTIRE POLICY CAREFULLY.

In consideration of the payment of the premium and in reliance upon all statements made and information furnished to the insurance company shown in the Declarations (the "Insurer"), including the statements made in the Proposal Form, and subject to all terms, conditions and limitations of this Policy, the Insureds and the Insurer agree:

**Section I. Insuring Agreement**

Provided that a Claim is first made against an Insured during the Policy Period or the Discovery Period, if purchased, and further that such Claim is reported to the Insurer in accordance with Section VII. Notice of the GENERAL TERMS AND CONDITIONS, the Insurer will pay to or on behalf of the Insureds all Loss which the Insureds are legally obligated to pay as a result of a Claim first made against the Insureds during the Policy Period or the Discovery Period, if purchased, for a Wrongful Act by an Insured in his, her or its capacity as such.

8

**Section II. Definitions**

A.    For purposes of this Coverage Part, the term "Claim" will mean:

    1.    any of the following:

        a.    a written demand for monetary or injunctive relief or a written demand for reinstatement, re-employment · or re-engagement;

        b.    a civil proceeding commenced by the service of a complaint, summons, notice of application, writ, claim form or similar pleading in any jurisdiction in the world;

        c.    an arbitration proceeding pursuant to an employment contract, policy or practice of the Company commenced by receipt of a demand for arbitration or similar document;

        d.    a criminal proceeding outside the United States of America commenced by a return of an indictment or information or similar document; or

        e.    a formal administrative or regulatory proceeding by or before the Equal Employment Opportunity Commission, or any other similar government agency located anywhere in the world with jurisdiction over the Company's employment practices, which is commenced by the issuance of a notice of charges, formal investigative order or similar document and an audit conducted by the Office of Federal Contract Compliance Programs which is commenced by the issuance of a notice of violation, order to show cause or written demand for monetary or injunctive relief.

which is brought and maintained by or on behalf of any past, present or prospective Employee against any Insured for any Wrongful Act, including any appeal therefrom; or

9

2.   any written request for any Insured to toll or waive any potentially applicable statute of limitations related to any employment Claim as described in paragraph 1. above.

However, Claim will not include any labor or grievance arbitration or other proceeding which is subject to a collective bargaining agreement.

B.   "Employee" will mean:

1.   any individual whom the Company compensates by wages, salary and/or commissions and whose labor or service is directed by the Company, whether such individual performs such labor or service on a full-time, part-time, seasonal or temporary basis;

2.   any individual who performs labor or services for the Company as a volunteer;

3.   any individual who is leased or loaned to the Company to perform labor or service for the Company, but only if the Company provides indemnification to such individual in the same manner and to the same extent as to its other Employees; and

4.   any individual contracted to perform work for the Company or who is an independent contractor for the Company, but only if, prior to any Claim against such individual, the Company shall have agreed in writing to provide indemnification to such individual for matters within the scope of coverage of this Coverage Part, and the Company shall have paid any additional premium required by the Insurer in connection with such individual.

C.   For purposes of this Coverage Part, the term "Insured" will mean the Company and all Insured Persons.

D.   For purposes of this Coverage Part, the term "Insured Person" will mean:

1.   any duly elected or appointed principal, partner, director, officer, trustee, in-house general counsel,

10

risk manager or member of the board of managers or management committee of the Company;

2. any executive of the Company located outside of the United States of America who holds a position with respect to the Company equivalent to any position described in Sections II.D.1 above; or

3. any Employee.

\*       \*       \*

H. For purposes of this Coverage Part, the term "Wrongful Act" will mean:

1. any actual or alleged:

   a. wrongful dismissal, discharge or termination (whether actual, constructive or retaliatory) of employment, wrongful failure or refusal to hire or promote, wrongful discipline or demotion, wrongful deprivation of career opportunity, negligent employment evaluation, employment related misrepresentation, or failure to grant tenure;

   b. sexual or other workplace harassment, including quid pro quo and hostile work environment;

   c. unlawful employment discrimination, including discrimination based on a person's age, gender, race, color, national origin, religion, creed, marital status, sexual orientation or preference, pregnancy, disability, HIV or other health status, Vietnam Era veteran or other military status, or other protected status or characteristic under federal, state or local law, including but not limited to:

      • Title VII of the Civil Rights Act of 1964;
      • the Equal Pay Act of 1963;

11

- the Age Discrimination Act of 1967;
- Sections 501 and 502 of the Rehabilitation Act of 1973;
- the Uniformed Services Employment and Reemployment Rights Act; and
- Titles I and IV of the Americans with Disabilities Act of 1990;

d. employment-related invasion of privacy, defamation (including libel and slander) or negligent or intentional infliction of emotional distress;

e. failure of the Company to create, provide for or enforce adequate or consistent employment-related policies;

f. retaliatory treatment on account of an Employee's exercise or attempted exercise of his or her employment-related rights under law, including but not limited to Sections 806 and 1107 of the Sarbanes-Oxley Act of 2002;

g. violation of employment-related civil rights relating to any of the above; or

h. violation of the Family and Medical Leave Act of 1993;

i. Third Party Wrongful Act (if purchased);

committed or attempted, or allegedly committed or attempted, with respect to an Employee or an applicant for employment with the Company; and

2. if it is stated in ITEM 3 of the Declarations that the Optional Third Party Coverage under this Coverage Part has been purchased, any Third Party Wrongful Act.

**Section III. Exclusions**

12

A.   The Insurer will not be liable under this Coverage Part to make any payment of any Loss in connection with any Claim made against any Insured:

1.   brought about or contributed to by:

\*       \*       \*

b.   the deliberately fraudulent or criminal acts of any Insured;

provided, however, this exclusion will apply only if it is finally adjudicated that such conduct in fact occurred;

2.   based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any Wrongful Act or Related Wrongful Act or any fact, circumstance or situation which has been the subject of any notice given under any other policy of which this Coverage Part is a renewal or replacement;

\*       \*       \*

4.   for any actual or alleged;

a.   bodily injury, sickness, mental anguish, emotional distress (other than employment-related mental anguish, emotional distress or humiliation);

b.   false arrest, wrongful detention or imprisonment, malicious prosecution or abuse of process, defamation, including libel, slander, publication of material in violation of a person's right of privacy, invasion of privacy, trespass, nuisance, wrongful entry or eviction, assault, battery, loss of consortium, false arrest, false imprisonment; or

\*       \*       \*

**ENDORSEMENT NO.: 4**

13

This endorsement, effective 12:01 am, 12/23/2018 forms part of

Policy number:          NY18DOLV03594NV

Issued to:        Middle East Forum

By:      Navigators Insurance Company

## PUBLISHING, ADVERTISING & BROADCASTING
## CLAIM EXCLUSION ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Applicable to all Coverage Parts, the following exclusion is added:

In consideration of the premium paid for this policy, it is agreed that the Insurer will not be liable to make any payment of any Loss in connection with any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving any Publishing, Advertising & Broadcasting Claim.

"Publishing, Advertising & Broadcasting Claim" will mean any claim based upon, arising out of, related to, directly or indirectly resulting from, or in any way involving any:

A.      infringement of any copyright, trademark, trade name, trade dress, service mark, unauthorized use of title, plagiarism or misappropriation of ideas; or

B.      libel, slander or publication of material in violation of a person's right of privacy.

All other terms and conditions of this Policy remain unchanged.

*       *       *

## ENDORSEMENT NO.: 12

This endorsement, effective 12:01 am, 12/23/18 forms of

Policy number:          NY18DOLV03594NV

Issued to:               Middle East Forum

By:                      Navigators Insurance Company

14

**SPECIFIC CIRCUMSTANCES EXCLUSION ENDORSEMENT**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Applicable to all Coverage Parts, the following exclusion is added:

In consideration of the premium paid for this policy, it is agreed that the Insurer will not be liable to make any payment of any Loss in connection with any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving the following:

Chubb Claim #: 390995 Tiffany Lee Claim

All other terms and conditions of this Policy remain unchanged.

*      *      *

See, Exhibit N.

20.     The MEF Defendants have demanded Navigators defend and indemnify them under the Policy in the Underlying Actions.

21.     Navigators disclaims any obligations to defend or indemnify the MEF Defendants under the Policy with respect to the Underlying Actions.

22.     An actual and justiciable controversy exists between Navigators, on the one hand, and MEF Defendants, on the other hand, as to the availability of insurance coverage for them with respect to the claims in the Underlying Actions under the Policy, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

2981276v.1

## COUNT I
## No Claim First Made within the Policy Period

23.       Navigators incorporates and restates the allegations of Paragraphs 1 through 22 above as if fully set forth herein.

24.       Subject to all of its terms, the Policy only provides EPL Coverage for claims first made within the policy period and all claims involving the same "Wrongful Act" or "Related Wrongful Acts" are considered one "claim" first made on the date of the first claim. (See, Ex. N).

25.       Prior to the issuance of the Policy, Tiffany Lee made allegations against MEF and Roman for alleged workplace sex harassment, discrimination and/or retaliation.

26.       Prior to the issuance of the Policy and by approximately December 2016, the MEF Defendants were aware of the *Tiffany Lee* Claim, *i.e.,* her EEOC charge alleging Roman subjected female employees to sexual harassment, sexual misconduct, sex discrimination, and retaliation.

27.       Prior to the issuance of the Policy, the *Tiffany Lee* Claim was reported by or on behalf of MEF to Chubb, the insurer who issued EPL insurance to MEF before the Policy was issued.

28.       The *Tiffany Lee* Claim is a claim first made before the Policy incepted.

29.       The claims made in the Underlying Actions are "Related Wrongful Acts" to those claims made in the *Tiffany Lee* Claim.

30.       Therefore, the Underlying Actions are not claims first made against any insured during the Policy Period or the Discovery Period as required by the Insuring Agreement of the Policy.

31.       Accordingly, Navigators does not owe any defense or indemnity obligation to the MEF Defendants under the Policy with respect to the Underlying Actions.

16

## COUNT II
### Prior Notice of Claim Exclusion Precludes Coverage

32.     Navigators incorporates and restates the allegations of Paragraphs 1 through 31 above as if fully set forth herein.

33.      The Policy excludes from coverage claims based upon, arising from, relating to, directly or indirectly resulting from or in consequence of any "Wrongful Act" or "Related Wrongful Act" or any fact or circumstance which has been the subject of any notice given under any other policy of EPL coverage. (See, Ex. N, EPL Coverage Exclusion A.2).

34.     The *Tiffany Lee* Claim was reported by or on behalf of MEF to Chubb, the insurer who issued a policy of EPL insurance to MEF before the Policy incepted, in approximately January 2017.

35.     The claims at issue in the Underlying Actions are claims based upon, arising from, relating to, directly or indirectly resulting from or in consequence of the "Wrongful Acts" or "Related Wrongful Acts" or facts or circumstances which were the subject of the *Tiffany Lee* Claim which was reported to the insurer who issued a policy of EPL insurance to MEF before the Policy incepted.

36.     Therefore, Navigators does not owe any defense or indemnity obligation to the MEF Defendants under the Policy with respect to the Underlying Actions.

## COUNT III
### The *Tiffany Lee* Claim Exclusion Precludes Coverage

37.     Navigators incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

17

38.     The Policy excludes from coverage any claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving the *Tiffany Lee* Claim.

39.     The claims at issue in the Underlying Actions are claims made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving the *Tiffany Lee* Claim.

40.     Therefore, Navigators does not owe any defense or indemnity obligation to the MEF Defendants under the Policy with respect to the Underlying Actions.

### COUNT IV
### Known Loss/Loss in Progress Doctrine Precludes Coverage

41.     Navigators incorporates and restates the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

42.     The Underlying Actions allege Pipes received complaints for several years by multiple female employees who complained about Roman's sex discrimination, harassment and retaliation.

43.     The MEF Defendants were aware as early as December 2016 of an EEOC Charge of Discrimination made by former MEF female employee Tiffany Lee alleging Roman subjected female employees to sexual harassment and discrimination. A copy of MEF's insurance application, and the representations made therein, is attached as Exhibit O.

44.     On or about November 1, 2018, Marnie O'Brien a/k/a Marnie Meyer allegedly handwrote a letter to Pipes addressing Roman's alleged misconduct with female employees, which included, among others, O'Brien, an intern Leah Merville, and Barbounis. At a staff meeting

18

on or about November 5, 2018, McNulty, Barbounis, O'Brien, Brady and Yonchek allegedly all complained of harassment and discrimination of MEF's female staff by Roman.

45.     The MEF Defendants knew or should have known of facts and circumstances or acts, errors or omissions which could give rise to a claim or a probable or actual loss by at least November 2018, if not earlier, before the December 23, 2018 inception of the Policy.

46.     The Known Loss/Loss in progress doctrine precludes coverage for the Underlying Actions.

47.     Knowledge of facts and circumstances that may give rise to a claim prior to the Policy inception precludes coverage for the Underlying Actions.

48.     Therefore, Navigators does not owe any defense or indemnity obligation to the MEF Defendants under the Policy with respect to the Underlying Actions.

**COUNT V**
**Bodily Injury/Emotional Distress/Assault and Battery is Excluded**

49.     Navigators incorporates and restates the allegations of Paragraphs 1 through 48 above as if fully set forth herein.

50.     The Policy excludes from coverage bodily injury, sickness, mental anguish, emotional distress (other than employment-related mental anguish, emotional distress or humiliation) and assault and battery. (Ex. N, EPL Coverage Exclusion A.4).

51.     The Underlying Actions allege the Underlying Plaintiffs were emotionally distressed and Roman allegedly assaulted McNulty and Barbounis.

52.     To the extent the claims at issue in the Underlying Actions are claims for bodily injury, sickness, mental anguish, emotional distress (other than employment-related mental anguish, emotional distress or humiliation) and assault and battery, coverage is excluded.

19

## COUNT VI
## Privacy/Libel/Slander/Trespass Claims are Excluded

53.     Navigators incorporates and restates the allegations of Paragraphs 1 through 52 above as if fully set forth herein.

54.     Exclusion A.4.b. precludes coverage for any "'claim' made against any 'insured' for any actual or alleged false arrest, wrongful detention or imprisonment, malicious prosecution or abuse of process, defamation, including libel, slander, publication of material in violation of a person's right of privacy, invasion of privacy, trespass, nuisance, wrongful entry or eviction, assault, battery, loss of consortium, false arrest [or] false imprisonment." (Ex. N, EPL Coverage Exclusion A.4.b).

55.     The Publishing, Advertising & Broadcasting Claim Exclusion Endorsement precludes coverage for any "Claim" made against any "Insured" based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving any libel, slander or publication of material in violation of a person's right of privacy.  (Ex. N, Endorsement 4).

56.     The Underlying Actions allege Roman forced the Underlying Plaintiffs to sit closely next to Roman sometimes viewing photos and videos, he allegedly would stalk Underlying Plaintiffs using the camera system and entered into their offices exploring their computers, and would spread rumors about O'Brien and others, including that O'Brien got her prior job by sleeping with her former boss. (Ex. A-M).

57.     To the extent the claims at issue in the Underlying Actions are claims for false arrest, wrongful detention or imprisonment, malicious prosecution or abuse of process, defamation, including libel, slander, publication of material in violation of a person's right of

privacy, invasion of privacy, trespass, nuisance, wrongful entry or eviction, assault, battery, loss of consortium, false arrest or false imprisonment, coverage is excluded.

## COUNT VII
### Criminal Acts are Excluded

58.     Navigators incorporates and restates the allegations of Paragraphs 1 through 57 above as if fully set forth herein.

59.     The Policy excludes from coverage claims brought about or contributed by the deliberately fraudulent or criminal acts of any insured provided it is finally adjudicated that such conduct in fact occurred.   (See, Ex. N, Exclusion A.1).

60.     The claims at issue in the Underlying Actions allege Roman attempted to lure women using "fraud and coercion" and some female employees Roman supervised were subject to sexual assault, including McNulty and Barbounis.

61.     Therefore, to the extent it is finally adjudicated that one or more of the claims was brought about or contributed to by the deliberately fraudulent or criminal acts of the MEF Defendants, there is no coverage for any such claim.

## COUNT VIII
### Pipes/Roman/Bennett Not Insured

62.     Navigators incorporates and restates the allegations of Paragraphs 1 through 61 above as if fully set forth herein.

63.     To the extent liability in the Underlying Actions against either Pipes, Roman, or Bennett is imposed in their individual capacity and not as an employee, officer or director of MEF and/or they do not otherwise qualify as insureds under the Policy, there is no coverage.

WHEREFORE, Plaintiff, Navigators Insurance Company, prays that this Court enter the following relief:

A.   A declaration finding Navigators owes no duty to defend or indemnify Defendants for the Underlying Actions under the Policy; and

B.   For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ Brian F. Breen
Attorneys for Navigators Insurance Company

Brian F. Breen
PA ID No.  81416
Louis J. Isaacsohn
PA ID No.  34005
Wilson Elser Moskowitz Edelman & Dicker LLP
Two Commerce Square
2001 Market Street Suite 3100
Philadelphia, PA 19103
(215) 627-6900
(215) 627-2665 (fax)
brian.breen@wilsonelser.com
louis.isaacsohn@wilsonelser.com